UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE GREEN, Personal Representative of the
Estate of ROBIN HACKNEY, Deceased,

        Plaintiff,

v.                                         Case No. 08-11233
                                         Honorable Julian Abele Cook, Jr.

CORRECTIONAL MEDICAL SERVICES, Inc., et
al.,

        Defendants.

## ORDER

This case concerns alleged civil rights violations under 42 U.S.C. § 1983 that resulted in the death of Robin Hackney ("Decedent") while he was in the custody of the Michigan Department of Corrections ("MDOC") as an inmate at its Mound Correctional Facility ("Mound CFI"). On March 20, 2008, the Plaintiff, Maurice Green, representing Decedent's estate, filed a complaint in which he accused the named Defendants[1] of being responsible for Hackney's death. On August

---

[1] The complaint identifies the following persons and/or entities as being responsible for Hackney's death: (1) Correctional Medical Services, Inc. ("CMS"), (2) Pharmacorr, LLC, (3) Detroit Medical Center ("DMC"), (4) Detroit Receiving Hospital and University Health Center ("Detroit Receiving"), (5) Dr. Trifun Dimitrijevski, (6) Dr. Grant Orthmeyer, as well as nine MDOC employees who were allegedly stationed at the Mound CFI at the time of Hackney'S death; namely, Warden Andrew Jackson, Deputy Wardens Scott Nobles, Darrell Steward and Cornell Howard, Classification Director John Jeffries, Corrections Officer Joseph Spicer, nurses Beasley and Moore (first names unknown), and Dr. Seethla Vadlamudi. The Plaintiff asserts that he has been unable to serve five other individuals (to wit "Ruth L. Ingram, R.N.," "Corrections Officer Jay," "Corrections Officer Johnson," "Justina A. Nzums, R.N.," and "Clarence Powell"). On July 18, 2008, he moved to extend the time for service of the summons on these Defendants. However, the Court, citing his failure to comply with the Federal Rules of

5, 2008, four Defendants (to wit, DMC, Detroit Receiving, Dimitrijevski and Orthmeyer) filed motions for summary judgment[2] on August 5, 2008. The Plaintiff filed a response[3] on September 10, 2008.

I.

As a preliminary matter, the Court notes that the Defendants' motions and the Plaintiff's response include arguments which encompass issues relating to their applications for summary judgment and dismissal.[4] In doing so, the Defendants included affidavits as evidence which ostensibly support their argument that they do not have any contract with the MDOC. Thus, pursuant to Fed. R. Civ. P. 12(d)[5] and because matters outside the pleadings have been presented to the Court, the instant motion will be treated as a motion for the entry of a summary judgment.

II.

On December 13, 2005, the Decedent was allegedly found in his cell "laying in his own urine and feces." He was taken by ambulance to Detroit Receiving where he was treated by Drs.

---

Civil Procedure and the Local Rules of this Court, denied the motion without prejudice.

[2] For reasons that are not readily apparent, the Defendants filed two separate but identical motions (Docket #20 and #21). Because the parties are similarly situated for purposes of this order, these two separate motions will be addressed as if they were a singular motion filed on behalf of the four Defendants.

[3] The Plaintiff filed a response to the motion by Dimitrijevski and Orthemeyer as well as a second response to the motion by DMC and Detroit Receiving, in which he incorporated "word for word, all facts, arguments, and requests for relief" in his first response.

[4] Fed. R. Civ. P. 12(b)(6) permits a dismissal for "failure to state a claim upon which relief can be granted."

[5] Fed. R. Civ. P. 12(d) instructs that a 12(b)(6) motion "must be treated as one for summary judgment under Rule 56" whenever "matters outside the pleadings are presented to and not excluded by the court."

Dimitrijevski and Orthmeyer. The Decedent was evaluated and given a CT scan, an EKG, and a chest x-ray. Although the parties contest the Decedent's condition while he was being treated at Detroit Receiving, the Defendants concluded at a later time during the day that he should be returned to the Mound CFI for follow up medical treatment. Several hours later, the Decedent, afer being found unresponsive in his cell, was returned to Detroit Receiving where he eventually died on December 15, 2005.

The Plaintiff contends that DMC, Detroit Receiving, Dimitrijevski, and Orthmeyer violated the Decedent's civil rights through their deliberate indifference to his well-being. The Defendants argue that they are not state actors who can be held liable under 42 U.S.C. § 1983.[6] In his response, the Plaintiff does not address the substantive aspects of the Defendants' motion, except to (1) opine that their arguments over summary judgment issues are premature, and (2) express his need for additional discovery because"the parties have not even exchanged their initial FRCP 26(a) disclosures."

### III.

In assessing a summary judgment motion, the Court must examine the pleadings, discovery and disclosure materials on file, and any affidavits in a light that is most favorable to the non-moving party. Fed. R. Civ P. 56(c); *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). Thus, it is the responsibility of the Court to determine "whether .

---

[6]The Defendants also argue that the Plaintiff has failed to state a claim upon which relief can be granted as to his deliberate indifference claim, contending that he is actually pleading state medical malpractice claims. For the reasons that are discussed *infra,* the Court will not address these arguments at this time.

. . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Hence, a summary judgment must be entered if (1) the submitted evidence in support of the dispositive motion clearly suggests that the contested matter is "so one-sided that [the proponent] must prevail as a matter of law," *id.* at 252, or (2) the opponent fails to present evidence that is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Upon such a showing, the non-moving party must act affirmatively in order to avoid the entry of a summary judgment. Fed. R. Civ. P. 56(e).  It should also be noted that the mere presentation of a scintilla of supporting evidence is insufficient to offset an otherwise sufficiently submitted request for dispositive relief.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 252).  Indeed, "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50.

IV.

In raising the argument that the Defendants' motion is premature on basis of the current record in this cause, the Plaintiff has neglected to follow the applicable Federal Rule of Civil Procedure[7] beyond summarily stating "See FRCP 56(c) & (f) . . . ."

---

[7]Fed. R. Civ. P. 56(f), which is titled "When Affidavits Are Unavailable," states:
If a party opposing the motion *shows by affidavit* that, for specified reasons, it cannot present facts essential to justify its opposition,

Rule 56(f) requires more than a cursory mention in a responding motion. The text of the rule clearly requires the opposing party to affirmatively show "by affidavit" why more discovery is required. *See* Fed. R. Civ. P. 56(f); *see also Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002) ("The non-movant *must file an affidavit* pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed, or file a motion for additional discovery." (citations omitted) (emphasis added)). It is well settled that where the opposing party does not file an affidavit pursuant to Fed. R. Civ. P. 56(f), or fails to file a formal request for additional discovery, the court need not extend discovery and may elect to consider the merits of a motion for summary judgment. *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003) (in absence of affidavit, "there is no justification for the district court's blanket statement that a motion for summary judgment will be premature until the close of discovery"); *Cunningham v. Osram Sylvania, Inc.*, 221 Fed. Appx. 420, 423 (6th Cir. 2007) (entry of summary judgment was appropriate where opposing party's Rule 56(f) motion was not accompanied by affidavit). Even if the Plaintiff had properly raised the issue of additional discovery in his response, he has failed to comply with the substantive requirements of Rule 56(f) by detailing the specific type of discovery that is needed in order to respond the Defendants' motion. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("[n]ebulous assertions that more discovery time would disclose material facts" are not sufficient to prolong discovery in face of request for entry of summary judgment).

---

the court may:
(1) deny the motion;
(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
(3) issue any other just order.
(emphasis added).

Particularly instructive on this issue is *Short v. Oaks Corr. Facility*, 129 Fed. Appx. 278 (6th Cir. 2005), where the Sixth Circuit Court of Appeals upheld the entry of a summary judgment by a district court before any discovery had taken place. *Id*. at 279. In representing the estate of a prisoner at a correctional facility who had died from a cardiac arrest, the plaintiff in *Short* asserted civil rights violations under 18 U.S.C. § 1983 against the prison. Prior to the commencement of any discovery, the defendant filed a motion for summary judgment. In her response, the plaintiff argued that (1) a hearing on summary judgment would be premature because "[d]iscovery has just started in this case," and (2) she should be given an opportunity to develop her case. *Id*. at 281-82. The plaintiff failed to proffer an affidavit or to file a motion for additional discovery. *Id*. at 282. The district court granted a summary judgment in favor of the defendants, and the Sixth Circuit affirmed, holding that:

> Fairness does not blindly require a district court to grant a non-movant an opportunity for discovery where, as here, the non-movant does not in any detail describe what discovery she needs or what material facts she hopes to discover. It is not enough to state that discovery is needed without explaining why it is needed.

*Id*. at 283.

Likewise, the Plaintiff in this case has merely asked for additional time in which to conduct discovery. In doing so, he made no reference to the type of discovery that would be needed and only gave a passing reference to how additional discovery would be relevant to the development of any material facts. The Plaintiff's requests, which are not accompanied by an affidavit as required by Rule 56(f), warrant a rejection of his request to delay the rendition of a ruling on the merits of the Defendants' motion for summary judgment. Thus, the Defendants' motion and the Plaintiff's response will be judged on their merits.

V.

Section 1983 was enacted to guard against the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citing *United States v. Classic*, 313 U.S. 299 (1941)). It provides, in pertinent part, that anyone "who, under color . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. Two elements are necessary in order to state a cause of action under this statute; namely, (1) the plaintiff was deprived of a federal right and (2) the defendant acted under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Defendants argue that their treatment of the Decedent did not constitute an action under color of state law for purposes of a claim under 42 U.S.C. § 1983. A private party may be classified as a "state actor" only if his actions are "fairly attributable to the state." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Inasmuch as there is no overall determining factor or circumstance that constitutes a "state action;" an inquiry must therefore be taken on a fact-specific, case-by-case basis. *Brentwood Acad. v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295-96 (2001). The Sixth Circuit Court of Appeals has employed three tests to determine if the conduct of a private person constitutes a state actor; to wit, (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship test. *Collyer v. Darling*, 98 F.3d 211, 232 (6th Cir. 1996).

In this case, the Plaintiff contends that a contract between the Defendants and the MDOC establishes state action in the instant case. Viewing the evidence in a light that is most favorable

to the Plaintiff, it is clear that this argument is nothing more than an unsubstantiated allegation. The Defendants' affidavits contradict the Plaintiff's assertion that they have a contractual nexus with the MDOC.

However, it should be noted that the Plaintiff, in his response, suggests that a state action can be established on the basis of the medical care provided to those inmates who were brought to the Defendants by the MDOC. There is little legal support for this conclusion. The Plaintiff relies upon *Johnson v. Karnes*, 398 F.3d 868 (6th Cir. 2005), asserting that this case establishes that "private physicians serving inmate populations satisfy the state-action requirement of the statute." *Id*. at 876. However, the physicians in *Johnson* qualified as state actors due to the existence of a formal contract, which was never denied by Karnes. While the Defendants' treatment of MDOC prisoners may be a scintilla of circumstantial evidence that a contract exists, it is not enough to rebuff the Defendants' evidence which was not contradicted by "affidavits or as otherwise provided by this rule." Fed. R. Civ. P. 56(e)(2). For the reasons that have been stated above, *Johnson* is clearly distinguishable from the case at hand.

VI.

Thus, for all of the reasons that have been set forth above, the Court concludes that the Defendants' motion should be granted (Docket #20 and #21).


IT IS SO ORDERED.

Dated: March 25, 2009                                  s/Julian Abele Cook, Jr.
       Detroit, Michigan                                JULIAN ABELE COOK, JR.
                                                        United States District Court Judge

8

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 25, 2009.

s/ Kay Doaks  
Case Manager