UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE GREEN, Personal Representative of the
Estate of ROBIN HACKNEY, Deceased,

    Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES, Inc., et al.,

    Defendants.

Case No. 08-11233

Honorable Julian Abele Cook, Jr.

ORDER

On March 25, 2009, the Court entered an order in which it granted a summary judgment in favor of several Defendants (i.e., the Detroit Medical Center, Detroit Receiving Hospital and University Health Center, Dr. Trifun Dimitrijevski, and Dr. Grant Orthmeyer) as to the then-pending civil rights claims under 42 U.S.C. § 1983 by the Plaintiff's Decedent, Robin Hackney.[1] On April 8, 2008, the Plaintiff filed a motion in which he asked the Court to reconsider its earlier order.

I.

According to the Local Rules for the Eastern District of Michigan, an aggrieved party who seeks to obtain the reconsideration of an order must initially establish the existence of "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have

---

[1] On June 9, 2009, the Court entered an order on the basis of a stipulation by the parties which allowed Roderick Lowe to be substituted as the Plaintiff and Personal Representative of the Estate of Robert Hackney in the place of Maurice Green.

1

been misled." E.D.Mich. LR 7.1(h)(3). Thereafter, the moving party must demonstrate that a correction of "the defect will result in a different disposition of the case." *Id.* This Local Rule also provides that "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication" will not be granted. *Id.*

In his motion, the Plaintiff concedes that he did not file an affidavit with his response to the Defendants' summary judgment motions. However, he attributes this failure to mere inadvertence, and urges the Court to treat the omission as a procedural error. (Plaintiff's Motion for Reconsideration at 2). More specifically, the Plaintiff asks the Court to regard his failure to file the affidavit as a "palpable defect" which should satisfy the Local Rule standard. Additionally, he points to (1) newly acquired deposition testimony from the medical director for one of the Defendants, CMS, and (2) statements from the Director of the Michigan Department of Corrections (MDOC), both of whom purportedly touch upon substantive issues which directly relate to the controversy that is now before this Court. According to the Plaintiffs, both of these representatives acknowledge that their entities maintained contacts with each other and, in turn, established a professional relationship with local hospitals which was designed to provide medical care to inmates within the Michigan penal system. Based upon this evidence, the Plaintiff suggests that the challenged order of the Court contains a palpable defect which misled the parties under L.R. 7.1(h)(3).

Significantly, our Local Rules do not provide for the presence of, among other things, the presence of a standard, such as a manifest injustice which could be applied in a set of limited circumstances. Thus, a court, when faced with the potential of such a high hurdle, must seek to determine if (1) it must or should strictly follow the dictates of this Local Rule, or (2) evaluate the

issue under scrutiny and, thereafter, render a decision on the basis of the "totality of the circumstances." In effort to find an answer to this query, the Court turns to *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir.2006) for guidance. In *Henderson*, the Sixth Circuit noted that the "palpable defect" standard of L.R. 7.1 is consistent with the requirement under Fed. R. Civ. P. 59(e) which mandates that, in order to seek the reconsideration of a final order or a judgment, an aggrieved party must show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."

II.

In this case, the parties had not conducted any discovery on the date when the Defendants filed their collective motions for the entry of a summary judgment. However, a reading of the record reveals that the Plaintiff has now complied with the letter and the spirit of Rule 56(f) by submitting an affidavit which thoroughly identifies the exact nature of the discovery that he seeks to obtain, as well as the reasons why it is necessary for the resolution of his claim. But perhaps most importantly, it is clear that the Plaintiff's proposed remedy is not for the Court to deny the Defendants' request for the entry of a summary judgment. Rather, his petition is a narrowly drawn request to the Court that it merely defer the issuance of a ruling on this dispositive motion until he has had an opportunity to conduct pertinent discovery.

Under these circumstances and when broadening the scope of Local Rule 7.1, the Court believes that to allow its challenged order to stand would produce a manifest injustice against the Plaintiff and, in many respects, put "form over substance." Finally, the Court concludes that the Plaintiff's motion is neither frivolous nor prejudicial to the overall interests of the Defendants. *Accord, Westerfield v. United States of America et al.*, No. 08-4458, 2010 WL 653535, *16 (6th Cir.

February 24, 2010) (unpublished) (reversing district court order denying plaintiff's motion for reconsideration under Rule 59(e) where plaintiff cured Rule 56(f) defect by submitting detailed affidavit; plaintiff had only sought an opportunity to conduct discovery; plaintiff's claims were not frivolous; no discovery had been undertaken; and no prejudice accrued to defendants).

As such, the Court is persuaded that its March 25, 2009 order suffers from a palpable defect, which has been described above. Thus, the presence of this palpable defect warrants a favorable ruling on the Plaintiff's behalf.[2]

### III.

Therefore and for the reasons that have been stated above, the Plaintiff's motion for reconsideration and/or for relief from the order of March 25, 2009 is granted.

IT IS SO ORDERED.

Dated: March 31, 2010　　　　　　　　　　　　S/Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2010.

　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　　　Case Manager

---

[2] In light of the ruling by this Court on the basis of L..R. 7.1, the Plaintiff's alternative request for relief under Fed. R. Civ. P. 60(b) is denied without prejudice.